ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

December 11, 2008

The Honorable Susan Combs
Texas Comptroller of Public Accounts
Post Office Box 13528
Austin, Texas 78711-3528

Opinion No. GA-0686

Re: Whether the Comptroller's report required by Tax Code sections 313.008 and 313.032 must be limited to the items listed therein and exclude information that is marked as "confidential" (RQ-0727-GA)

Dear Comptroller Combs:

In 2001, the Legislature adopted the Texas Economic Development Act (the "Act"). *See* Act of May 24, 2001, 77th Leg., R.S., ch. 1505, § 1, 2001 Tex. Gen. Laws 5362, 5362–72 (codified as Tax Code chapter 313). The Act authorizes a school district to limit the appraised value of a property for the maintenance and operations portion of the school district property tax. *See generally* TEX. TAX CODE ANN. ch. 313 (Vernon 2008). The limitation is set out in an agreement between the school district and the person receiving the appraised value limitation. *See id.* § 313.027.

In 2007, the Legislature enacted legislation that, in relevant part, requires the Office of the Comptroller of Public Accounts (the "Comptroller") to prepare a biennial report[1] for the Legislature regarding the progress of value limitation agreements entered into pursuant to the Act. *See* Act of May 25, 2007, 80th Leg., R.S., ch. 1270, § 6, 2007 Tex. Gen. Laws 4249, 4252 (codified as Tax Code section 313.008); Act of May 28, 2007, 80th Leg., R.S., ch. 939, § 17, 2007 Tex. Gen. Laws 3241, 3246 (codified as Tax Code section 313.008); Act of May 25, 2007, 80th Leg., R.S., ch. 1262, § 6, 2007 Tex. Gen. Laws 4225, 4227 (codified as Tax Code section 313.032). The reporting requirements are contained in sections 313.008 and 313.032 of the Tax Code. TEX. TAX CODE ANN. §§ 313.008(a), .032(a) (Vernon 2008). Both sections provide that "[t]he report must be based on data certified to the comptroller by each recipient of a limitation on appraised value . . . and state for

---

[1]It appears from your request, which consistently refers to the reports required under sections 313.008 and 313.032 of the Tax Code in the singular, that the Comptroller produces one report in response to the requirements under these two statutes. *See* Request Letter at 1–3 (*available at* http://www.texasattorneygeneral.gov). We similarly refer to a single report in our discussion.

each [limitation] agreement" eleven specified items of information.[2]  *Id.*  The eleven items of information set out in sections 313.008 and 313.032 are almost identical.  *Id.*

You ask the following questions about this report:

1)  Whether the Comptroller's report is limited to the 11 items listed in Sections 313.008(a) and 313.032(a)?

2)  Whether the Comptroller may use in the report information provided by recipients of limitation on appraised value agreements, regardless of whether the information was marked as confidential by the recipients?

Request Letter at 1.

## I.    Applicable Law

Your questions raise issues of statutory construction.  In construing a statute, we must ascertain the Legislature's intent in enacting the statute.  *State v. Shumake,* 199 S.W.3d 279, 284 (Tex. 2006).  We look "first and foremost" to the statutory language in understanding that intent. *Lexington Ins. Co. v. Strayhorn,* 209 S.W.3d 83, 85 (Tex. 2006).  We may also consider legislative history in construing a statute.  TEX. GOV'T CODE ANN. § 311.023(3) (Vernon 2005).

Your questions also involve determinations regarding the Comptroller's powers.  While the Texas Constitution defines some of the Comptroller's functions and duties, much of the Comptroller's authority is specified by the Legislature.  *See* TEX. CONST. art. IV, § 23 (requiring the Comptroller to "perform such duties as are or may be required by law").  The Comptroller's express statutory authority carries with it implied authority reasonably necessary to carry out the statute's purpose.  *See Bullock v. Calvert,* 480 S.W.2d 367, 372 (Tex. 1972) ("every specific, permissible act of a public officer need not be expressed in a statute; we imply the authority to do those acts necessary to achieve the power or object expressly granted"); Tex. Att'y Gen. Op. No. GA-0427 (2006) at 2; *see also Tex. Mun. Power Agency v. Pub. Util. Comm'n,* 253 S.W.3d 184, 193 (Tex. 2007) ("when the Legislature expressly confers a power on an agency, it also impliedly intends that the agency have whatever powers are reasonably necessary to fulfill its express functions or duties").

---

[2]Section 313.031 requires the Comptroller to "adopt rules and forms necessary" to implement and administer chapter 313.  TEX. TAX CODE ANN. § 313.031(a) (Vernon 2008).  The only rule we find relevant to the questions presented provides that "[r]ecipients of property value limitations shall promptly submit to the comptroller information that is required to complete the comptroller's biennial report assessing the progress of each agreement. The comptroller will promulgate a form on which the required information shall be submitted." 34 TEX. ADMIN. CODE § 9.1057(a) (2008) (Tex. Comptroller of Pub. Accounts, Recommendation, Evaluation, and Reports by Comptroller).

## II.     Analysis

Neither section 313.008 nor 313.032, which contain the required content of the report, expressly indicate that the list of eleven items is intended to be exclusive in nature. And we find nothing in the legislative history suggesting that the list is intended to be exclusive. Insofar as the list of items in sections 313.008 and 313.032 does not provide the information necessary for the Comptroller to prepare "a report assessing the progress of each agreement," we conclude the Comptroller may include in the report additional information that is reasonably necessary to fulfill the Comptroller's statutory obligation of preparing such a report. *See Bullock*, 480 S.W.2d at 372.

In sum, because of the lack of any limiting language in sections 313.008 and 313.032 and the Comptroller's implied authority, we conclude that the Comptroller is not precluded from including more information in the report than is required by sections 313.008 and 313.032. This additional information must, however, be reasonably necessary to fulfill the Comptroller's statutory obligation of providing a report that assesses the progress of limitation agreements under the Act. *See id.* And in no instance may the report include "information that is confidential by law" as expressly prohibited by sections 313.008 and 313.032. *See* TEX. TAX CODE ANN. §§ 313.008(b), .032(b) (Vernon 2008).

The statutory prohibition against the inclusion of confidential information in the report brings us to your second question—"[w]hether the Comptroller may use in the report information provided by recipients of limitation on appraised value agreements" if those recipients *marked* the information as confidential. Request Letter at 1. Sections 313.008(b) and 313.032(b) prohibit the Comptroller from including in the report information that is *confidential by law,* not information that is *marked* as confidential by a recipient of a limitation. TEX. TAX CODE ANN. §§ 313.008(b), .032(b) (Vernon 2008). We conclude, therefore, that the express terms of the statutory provisions prohibit only the inclusion of information which is confidential by law, a determination that the statutes implicitly leave to the Comptroller in the first instance.

**S U M M A R Y**

In preparing the report on limitation agreements under the Texas Economic Development Act, the Comptroller of Public Accounts may include more information than is required by sections 313.008 and 313.032 of the Tax Code if the information is reasonably necessary to assess the progress of such agreements.

The Comptroller may use in the report information provided by recipients of limitations, regardless of whether the information is marked as confidential by the recipients, so long as the information is not confidential by law. The Comptroller must, in the first instance, determine whether information is confidential by law.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Christy Drake-Adams
Assistant Attorney General, Opinion Committee